**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

CHRISTINA BURRIDGE,

    Plaintiff,

vs.                                                  CASE NO.: 1:07-CV-240-SPM/AK

KAZBOR'S GRILLE & BAR,
INC., MANAGING FOOD, LLC,
DECISION HR, INC., JOHN
RAGONE, individually, JEFF
CYMAN, individually, and
MATTHEW BYLER, individually,

    Defendants
_____/

**AMENDED ORDER SETTING ASIDE ENTRY OF DEFAULT AND DENYING
MOTION FOR DEFAULT JUDGMENT**

PENDING NOW before the Court are the Plaintiff's Motion for Default Judgment (doc. 54) and Defendant's Motion to Set Aside Entry of Default (doc. 56). A Clerk's Default was entered as to Defendant on March 26, 2008. The Plaintiff now seeks a formal default judgment from this Court, pursuant to Federal Civil Procedure Rule 55. Defendant has responded by asking the Court to set aside the Clerk's Defaults, and have enumerated several grounds for failing to file a timely response to the Plaintiff's complaint, including, confusion within the litigation department of the corporate defendants, leading to confusion about who was representing whom. The individual Defendants represent that their failure to respond was not willful and was the result of internal confusion. Plaintiff has no

opposition to the granting of Defendant's motion.

Federal Rule of Civil Procedure 55(c) provides that a federal district court may set aside an entry of default for "good cause." The Eleventh Circuit has refrained from precisely outlining what constitutes "good cause." But it has stated that though the rules are not "talismanic," district courts are to apply some general guidelines in order to determine "whether the default was willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Export-Import, et al., v. Compania Domincana De Aviacion et al., 88 F.3d 948, 951 (11th Cir. 1996); Kelly v. Florida, 233 Fed. Appx. 883, 885 (11th Cir. 2007). Additionally, the district court should consider "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Compania, 88 F.3d at 948. Therefore, having fully considered the aforementioned factors, it is hereby

ORDERED AND ADJUDGED:

1. Plaintiff's motion for entry of default (doc. 54) is hereby DENIED.

2. Defendant's motion to set aside the Clerk's default (doc. 56) is hereby GRANTED.

SO ORDERED this sixteenth day of April, 2008.


*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge